NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 20, 2012[*]
Decided August 20, 2012

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1909

| | |
|---|---|
| NORMAN FLICK,<br>*Plaintiff-Appellant,*<br><br>v.<br><br>HECTOR M. GONZALES, et al.,<br>*Defendants-Appellees.* | Appeal from the United States District<br>Court for the Southern District of Indiana,<br>Indianapolis Division.<br><br>No. 1:08-cv-461-SEB-TAB<br><br>Sarah Evans Barker,<br>*Judge.* |

**O R D E R**

Norman Flick appeals the district court's dismissal of his second amended complaint brought under 42 U.S.C. § 1983, in which he alleged that 24 defendants (among them attorneys, judges, detectives, business people, and a state prosecutor) colluded to steal his property. First the court dismissed the complaint against two Indiana state court judges on the alternative grounds of judicial immunity and failure to comply with the statute of

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

limitations. Later the court dismissed the complaint against the remaining defendants for failure to comply with federal notice-pleading standards, *see* FED. R. CIV. P. 8(a).

On appeal Flick does not develop any legal argument challenging the dismissal of his action, and asserts only generally that "[R]ule 8 has been sufficiently plead" under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). We construe pro se filings liberally, but even a pro se brief must contain more than a general assertion of error. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). A brief must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(9).

DISMISSED.